## SMITH v. COLLINS et al.

*(Supreme Court, General Term, Second Department.   December 10, 1890.)*

CONTRACTS—INTERPRETATION—BUILDING CONTRACTS.

By a contract to furnish certain materials for buildings, including all "standing trim panel backs, * * * window-sashes, doors, blinds, and all inside wood and glass work required," the first payment was to be made on delivery of the sash and "standing trim panel backs," and a second payment on delivery of the doors and other work specified. The owner refused to make the first payment, because the contractor omitted to furnish all the head-lights over the doors with glass. *Held,* that whether the head-lights were regarded as part of the door or as a separate frame over the door, they were not included in the word "sash; and as glass was not, by the contract or the specifications annexed to it, clearly included in the term "sash," the owner's refusal to pay was not justified.

Appeal from special term, Kings county.

Action by Robert E. Smith against Theresa B. Collins and others to foreclose a mechanic's lien for material furnished by plaintiff under a contract with said defendant Collins. From a judgment for plaintiff, on trial by the court without a jury, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. D. Rust,* for appellants.   *Kellogg, Rose & Smith, (Abram J. Rose,* of counsel,) for respondent.

BARNARD, P. J.   The plaintiff agreed with Theresa B. Collins and her husband to furnish, on or before September 30, 1887, "all wooden screens, standing trim and panel backs, water-closet seats, panels to stairs, dressers, drawers, window-sashes, doors, blinds, and all inside wood and glass work required for twenty buildings," which the owner proposed to erect in Brooklyn. The houses were separate, six being in Prospect place, four in Ninth street, and ten in Sixth street. The first payment was to be made "when the sash and standing trim and panel backs are delivered in Prospect Place houses, $2,400." Only $1,590 of this payment was made. The plaintiff seeks to enforce a lien for the value of the property delivered, and the owner asserts that the contract was not performed so as to entitle the contractor to the first payment. The evidence shows that the parties disagreed as to the kind of glass to be furnished, and this was submitted to arbitrators, who decided in favor of the claim of the owner. Before the award was made, the first payment was demanded, and the dispute seems to turn on the sole question whether the word "sash" includes the head-lights over the doors. The specification to the contract under the term "sash" provides for the material and

the glass and the manner of glazing, and includes the glazing and glass of the head-lights over the doors. The doors are included in the second payment. The vestibule doors are to be glazed with a particular glass, and in a particular way. The specification cannot, therefore, include the vestibule sash, nor the front doors, under the term "sash," within the meaning of the clause regulating the first payment. The fact does not appear whether the head-light is part of the door. If it be such it is not included in sash for the first payment. If it be a separate frame over the door it was not properly sash, neither does sash include the glass, as commonly understood. The agreement does not clearly include the glass in the term "sash." It is not a necessary result from the specification that all sash shall be glazed, to so read it that the glazing shall be done before the sash is delivered. The payment being due, the owner was bound to pay it, and if she was wrong in refusing payment the contractor could stop the execution of the contract, and recover for what he had delivered. The proof was conflicting as to the value of this property. There is no such preponderance of proof as to call for a reversal of the judgment for that reason. On the contrary, the evidence of those who would be most likely to be informed of the value fully supports the finding. The judgment should therefore be affirmed, with costs.